# COMPOSITE EXHIBIT "C"

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

May 27, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Beach Hotel Fund LLC and Broad Street SC Homes LLC, who are investors/members of Broad Street Global Fund, LLC.

On July 14, 2025, the manager for my clients, Dr. Ankur Anand, notified your representative Bernard Jasmin that he wanted to liquidate all my clients' funds. Mr. Jasmin confirmed that he made my clients' withdrawal request on July 15, 2025, and assured Dr. Anand that the withdrawal request would be made "well within the max 180-day time frame." See text messages attached.

On October 23, 2025, Mr. Jasmin again confirmed that the redemption my clients filed on July 15th would be paid by January 15th. Around the same time, you provided my client with the Broadstreet Global Fund Redemption Notice and my client selected Redemption Choice – A to be redeemed for the cash value of their capital account.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter does not directly respond to my clients' July 15, 2026 withdrawal notice. Instead, it attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

You are also hereby notified that you have taken my clients' capital accounts at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my clients because of the deprivation. My clients' current

capital account balances (Equity Balances) total [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

Our clients expressly do not waive any rights or entitlements they have pursuant to their July 15, 2025 withdrawal request or the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by the parties in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balances owed, treble damages where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from my clients withdrawal request or the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, June 1, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

As it stands the transaction is moving forward and should be announced by Aug 1, with whatever legal/regulatory things that come to follow..but regardless your groups payments continue until then. The options also give a decent rough estimate of how m as many investable dollars can be swapped from investors who cash in

Ok if we want to liquidate that will be be also aug 1?

You wouldn't just get the cash automatically on that day, If you choose to redeem you go in the queue for regular Redemption

Ok 6 months?

" up to 180 days" as per the perspectus...i couldn't really say how long for certain, you know ?

Ok got it

Monday, Jul 14 • 09:54

Hey man, unfortunately the partners voted to liquidate the funds. Whats the process?

Tuesday, Jul 15 • 11:08

Call you in 5 minutes, but got your message yesterday

hey about liquidation it will pay out the 6 percent as well?

Yes

Wednesday, Aug 13 • 09:45

hey just checking in about redemption any updates how they are going?

and would love to hear about your project as well

Hey Dr. Anand, the request was put in shortly right after we spoke. Its definitely in the queue but I dont have an exact time frame but I assure it will be well within the max 180-day time frame.

thanks hope all is well!

As for the other project, they are getting all the final details ready. It probably wouldn't be appropriate for a big llc group unless they are committed and give you decision making power because its a private/very closely held, friends and family business opportunity & I wouldn't feel comfortable having people involved that I don't have at least a certain relationships with, no less that I have never spoken to

Yes, all is well! , I hope the same for you

ok got it lmk when ur ready to talk about it

Absolutely will

RCS message


Bernard Jasmin
yes reviewing now.
Wednesday, Oct 22 • 16:51
most are inclined for cash redemption unfortunately
Ahh well ok
That's unfortunate
Thursday, Oct 23 • 10:44
hi does the redemption we filed for on July 15th be paid by January 15th?
If thats the exact date it was submitted I'm inclined to say yes by 180 day standards I cant give you an exact date
ok i dont want the clock to
RCS message

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

May 27, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Steven Schulman, an investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current capital account balance (Equity Balance) total $[redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, June 1, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

May 28, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Gregory Lovallo, who is an investor/member of Broad Street Global Fund, LLC.

On April 7, 2025, my client sent you an email formally requesting the withdrawal of his initial capital contributions from both his investments held with Broad Street. See April 7, 2025 email attached.

Sometime around November 2025, you provided my client with the Broadstreet Global Fund Redemption Notice and my client selected Redemption Choice – A to be redeemed for the cash value of their capital account.

On May 23, 2026, my client's received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter does not directly respond to my client's April 7, 2025 withdrawal notice. Instead, it attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and are owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

You are also hereby notified that you have taken my client's capital accounts at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current capital account balances (Equity Balances) total [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

Our client expressly does not waive any rights or entitlements he has pursuant to his April 7, 2025 withdrawal request or the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by the parties in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balances owed, treble damages where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from my client's withdrawal request or the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, June 1, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

Gmail

**Request for Return of Investment Basis – Element Hotel Development & Triller Pre-IPO**
1 message

**Gregory Lovallo** <glovallo@yahoo.com> Mon, Apr 7, 2025 at 11:29 AM
To: ed@bsgfund.com, juniper@bsgfund.com

Dear Mr. Faas

I hope this message finds you well. I am writing to formally request the return of my investment currently held with Broad Street. Specifically, I am seeking the return of:

- [redacted] invested in the Element Hotel development, and
- [redacted] invested in the Triller pre-IPO opportunity.

Given the current circumstances and my reevaluation of risk exposure, I believe it is appropriate to withdraw my initial capital contributions from both investments.

Please confirm the process and timeline for returning these funds to me. If there are any forms or procedural requirements necessary to initiate this, kindly provide them at your earliest convenience.

I appreciate your attention to this matter and look forward to a prompt resolution.

Best regards,

Gregory Lovallo

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 4, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents **Nimish Patel**, an investor/member of Broad Street Global Fund, LLC. My client is a 60-year-old resident of North Carolina, a non-accredited investor, and the capital account balance detailed below represents 40 years of my client's life retirement savings. The respondents' unlawful withholding of these funds and the total deprivation of access to my client's own retirement capital constitutes an immediate, catastrophic threat to this family's basic survival.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is legally owed.

My client expressly executed his selection in the Broad Street Global Fund, LLC's November 2025 Redemption Process on November 27, 2025. Prior to that execution, my client explicitly confirmed the details with Managing Director Akhil Morada via written WhatsApp correspondence, where Mr. Morada promised and guaranteed that your fund would be safely returned to my client's custodian Directed IRA account within six months. This six-month window officially expired on May 27, 2026.

My client rejects your current position in its entirety. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update, and nothing in my client's receipt of that update, should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

You are hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Furthermore, your firm engaged in a continuous, active pattern of compliance manipulation, cross-border fraud, and predatory financial exploitation to secure and retain these funds.

Knowing our client was a near-retiree seeking low-risk capital preservation to protect his family, Akhil Morada aggressively pursued and lured our client by misrepresenting that his retirement funds would be placed into a safe, guaranteed "fixed interest rate" product. Having induced our client to part with entire life savings under these false pretenses, Akhil Morada explicitly pressured and instructed my client to forward his retirement capital prior to providing or conducting mandatory regulatory onboarding documentation.

Following receipt of the funds, Akhil Morada sent pre-checked "Accredited Investor" status boxes deliberately pre-checked on behalf of my client by Broad Street to illegally circumvent federal securities laws. Crucially, my client explicitly informed Akhil Morada that he did not meet these pre-checked accreditation requirements. In direct response, Akhil Morada actively instructed my client to ignore the legal requirements and proceed regardless.

Broad Street is now actively ignoring our client's repeated cash liquidation requests and attempting to unlawfully dump an unvoted, un-elected, and highly restricted foreign corporate stock on an unaccredited senior citizen to mask the firm's conversion of his principal. The respondents' actions constitute active Securities Fraud, Sale of Unregistered Securities to a Non-Accredited Investor, Breach of Fiduciary Duty, and the Financial Exploitation of an Older Adult under both state and federal law.

Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. Additionally, under North Carolina General Statutes (N.C.G.S.) § 75-16, the respondents face mandatory treble damages and attorney fees for engaging in unfair and deceptive trade practices against a North Carolina consumer.

My client's current capital account balance (Equity Balance) totals $[redacted]. This is a formal demand that you pay that exact sum to custodian Directed IRA account# [redacted] within 30 days after receipt of this notice.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, statutory interest, attorneys' fees, costs, and any other relief permitted by law. This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose an illicit stock redemption that my client does not accept.

If you do not provide a written commitment to return 100% of our client's cash principal to this office by 5:00 p.m. ET on June, 10th, 2026, we will immediately proceed with filing a formal civil complaint on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 5, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
bleon@phoenixinc.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Robert T. Harper, a 72-year-old and semi-retired investor/member of Broad Street Global Fund, LLC.

Sometime in March of 2024, he received a call from Brandon Leon with Phoenix Financial Services offering him investment options. Since Mr. Harper was older and looking for short-term investments with higher returns, Mr. Leon told him that he had a real estate infrastructure investment that would pay quarterly dividends of 14.63% yearly returns. Mr. Leon also told him that he could redeem his money after 6 months and it would be tax free. Prior to investing, Mr. Harper also attended a Zoom meeting with Broadstreet leadership where they presented the investment opportunity.

On March 20, 2024, Mr. Harper invested [redacted] of his retirement savings into Broadstreet Global Fund LLC, then shortly after that he invested [redacted] more. On August 26, 2025, Mr. Harper was emailed a Redemption Authorization Form to redeem all his money out as cash from Broadstreet. On September 3, 2025, Mr. Harper docusigned the Redemption Authorization Form to Broadstreet to liquidate all his funds. But Mr. Harper never received his money.

Instead of liquidating his funds, you provided my client with the Broadstreet Global Fund Redemption Notice and October 24, 2025 Mr. Harper selected Redemption Choice – A to be redeemed for the cash value of his capital accounts. At that time, Mr. Leon told Mr. Harper that he would receive interest on his money at Broadstreet while waiting for the redemption. Broadstreet sent Mr. Harper another form on November 14, 2025, where he again chose option A for a cash redemption and was told his money would be returned to him within 180 days.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter does not directly respond to my client's September 3, 2025 redemption request. Instead, it attempts to justify Broad Street's decision to substitute restricted

common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current capital account balance (Equity Balance) total [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to his September 3, 2025 redemption request or the selection he made in the Broad Street Global Fund, LLC's October and November 2025 Redemption Process.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, statutory interest, attorneys' fees, costs, and any other relief permitted by law. This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose an illicit stock redemption that my client does not accept.

If you do not provide a written commitment to return 100% of our client's cash principal to this office by 5:00 p.m. ET on June, 12th, 2026, we will immediately proceed with filing a formal civil complaint on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

July 8, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Jit Patel and his Roth IRA, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that he selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of his capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, August 7, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

July 8, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Karishma Gupta and her Roth IRA, an investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. She does not consent to receiving the restricted common stock in satisfaction of her cash redemption rights or her withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of her prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that she selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements she has pursuant to the selection she made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, August 7, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 18, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Dinesh Thakker and Shashikala Thakker, investors/members of Broad Street Global Fund, LLC.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my clients, and that my clients executed, amended the terms of the Operating Agreement in that it made my clients' selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my clients with the binding cash redemption option that they selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my clients is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my clients' capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my clients because of the deprivation. My clients' current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My clients expressly do not waive any rights or entitlements they have pursuant to the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my clients in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 20, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 18, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Mandakini Subhash Patel, an investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. She does not consent to receiving the restricted common stock in satisfaction of her cash redemption rights or her withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of her prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that she selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current capital account balance (Equity Balance) total **$250,000**. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements she has pursuant to the selection she made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ($750,000) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 20, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 18, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Nikhil R. Patel & Nipuna Patel, investors/members of Broad Street Global Fund, LLC.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my clients, and that my clients executed, amended the terms of the Operating Agreement in that it made my clients' selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my clients with the binding cash redemption option that they selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my clients is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my clients' capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages su[redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My clients expressly do not waive any rights or entitlements they have pursuant to the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my clients in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages [redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 20, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 29, 2026

**<u>VIA E-MAIL</u>**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
bernardjasminnyc@gmail.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Howie Mann, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **<u>binding</u>** and it changed the time period from when a redemption must be made from 60 days to 180 days. <u>See</u> Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that it selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **<u>fair value</u>** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client' current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 29, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 29, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Jyoti Patel, an investor/member of Broad Street Global Fund, LLC. Ms. Patel maintains an individual account and a Roth IRA account at Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. She does not consent to receiving the restricted common stock in satisfaction of her cash redemption rights or her withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of her prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that she selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current capital account balance (Equity Balance) in her individual account is [redacted] and in her Roth IRA account is [redacted]. This is a demand that you pay the combined total sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements she has pursuant to the selection she made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 29, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 29, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Khusbu Harshad Patel, an investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. She does not consent to receiving the restricted common stock in satisfaction of her cash redemption rights or her withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of her prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that she selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements she has pursuant to the selection she made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 29, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

June 29, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents the WJM Trust (William J. Moroney), investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. It does not consent to receiving the restricted common stock in satisfaction of its cash redemption rights or its withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of its prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that it selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client' current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements it has pursuant to the selection it made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, July 29, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

July 8, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents James Andrew Ho, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that he selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of his capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, August 7, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

July 29, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
bernardjasminnyc@gmail.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Theodore Chesner, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that he selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of his capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the

use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, August 31, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

August 10, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Kinjalkumar Patel and Bhumika Patel, investors/members of Broad Street Global Fund, LLC.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my clients, and that my clients executed, amended the terms of the Operating Agreement in that it made my clients' selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my clients with the binding cash redemption option that they selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my clients is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my clients' capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my clients because of the deprivation. My clients' current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My clients expressly do not waive any rights or entitlements they have pursuant to the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my clients in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, September 12, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge, Esq.

**EPPERSON & GREENIDGE, P.A.**
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

August 12, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Sanjay Gupta and Anita Gupta, investors/members of Broad Street Global Fund, LLC.

On May 23, 2026, my clients received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my clients selected and are owed.

My clients reject that position. They do not consent to receiving the restricted common stock in satisfaction of their cash redemption rights or their withdrawal rights. Nothing in your May 22, 2026 update and nothing in my clients' receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of their prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my clients, and that my clients executed, amended the terms of the Operating Agreement in that it made my clients' selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my clients with the binding cash redemption option that they selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my clients is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my clients neither reflects the fair value of their capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my clients' capital account at Broad Street and have deprived my clients of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my clients because of the deprivation. My clients' current [redacted] This is a demand that you pay that sum within 30 days after receipt of this notice.

My clients expressly do not waive any rights or entitlements they have pursuant to the selection they made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my clients in, or around, November 2025.

My clients are prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my clients do not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Wednesday, September 11, 2026, we will proceed with litigation on our clients' behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

**Main Office**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

**Dietrich P. Epperson, Esq.**
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

**Andrew M. Greenidge, Esq.**
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

August 13, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Alya Capital, LLC, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. It does not consent to receiving the restricted common stock in satisfaction of its cash redemption rights or its withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of its prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that it selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of its capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted]. This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements it has pursuant to the selection it made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, September 14, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.

EPPERSON & GREENIDGE, P.A.
ATTORNEYS AT LAW

Main Office
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
Telephone: (877) 445-9261

www.finraarbitrationattorney.com

Dietrich P. Epperson, Esq.
Email: dietrich@eppersongreenidge.com
Direct: (610) 810-1885
Admitted: New York, Pennsylvania

Andrew M. Greenidge, Esq.
Email: andrew@eppersongreenidge.com
Direct: (954) 464-3739
Admitted: Florida

August 13, 2026

**VIA E-MAIL**

Broad Street Global Fund, LLC
c/o Broad Street Global Management, LLC
and Broadstreet, Inc.
211 N. Main Street
Greenville, SC 29601
info@broadstreetglobalfund.com
ed@bsgfund.com
akhilmorada@gmail.com
proximacapital@broadstreetglobalfund.com

**Re: Demand Regarding Cash Redemption**

To Whom It May Concern:

My law firm represents Yatin Khanna, investor/member of Broad Street Global Fund, LLC.

On May 23, 2026, my client received your letter dated May 22, 2026, entitled "Broadstreet Global Fund ('BSGF' or 'Fund') Update - Final Phase of Redemption." Your letter attempts to justify Broad Street's decision to substitute restricted common stock in Soulpower Acquisition Corporation (NYSE: SOUL), a Cayman Islands SPAC, for the cash redemption my client selected and is owed.

My client rejects that position. He does not consent to receiving the restricted common stock in satisfaction of his cash redemption rights or his withdrawal rights. Nothing in your May 22, 2026 update and nothing in my client's receipt of that update should be construed as an acceptance, consent, waiver, release, or modification of his prior election or legal rights.

The Broadstreet Global Fund Redemption Notice you provided my client, and that my client executed, amended the terms of the Operating Agreement in that it made my client's selection of a cash redemption verses a stock redemptions **binding** and it changed the time period from when a redemption must be made from 60 days to 180 days. See Section 11.04 of the Operating Agreement. Thus, by refusing to honor the terms of the Redemption Notice and provide my client with the binding cash redemption option that he selected, Broadstreet is in breach of this agreement. Further, even assuming *arguendo* that the Redemption Notice did not amend the Operating Agreement, the highly speculative, illiquid and restrictive stock that you are forcing on my client is not an "in-kind" redemption under the Operating Agreement. Section 6.03 of the Operating Agreement states that for Required Withdrawals members shall receive the **fair value** of their capital account. Because the SPAC shares you propose to distribute have no readily ascertainable market value, their forced imposition on my client neither reflects the fair value of his capital accounts nor satisfies the legal requirements of an in-kind redemption.

You are also hereby notified that you have taken my client's capital account at Broad Street and have deprived my client of the right to the funds and benefits therefrom, or appropriated those funds to your own use or to the use of another who is not entitled thereto. Section 772.11, Florida Statutes, permits the undersigned to make claim against you for triple the amount of damages sustained by my client because of the deprivation. My client's current [redacted] This is a demand that you pay that sum within 30 days after receipt of this notice.

My client expressly does not waive any rights or entitlements he has pursuant to the selection he made in the Broad Street Global Fund, LLC's November 2025 Redemption Process executed by my client in, or around, November 2025.

My client is prepared to pursue all available legal remedies, including but not limited to recovery of the full Equity Balance owed, treble damages ([redacted]) where available, interest, attorneys' fees, costs, and any other relief permitted by law.

This is a final opportunity to resolve the matter without litigation. Broad Street has not honored the payment obligations arising from the Redemption Notice and has instead attempted to impose a stock redemption that my client does not accept.

If you do not provide a response to this demand by 5:00 p.m. ET on Monday, September 14, 2026, we will proceed with litigation on our client's behalf.

Thank you for your attention to this matter. We look forward to your prompt response.

Sincerely,

**EPPERSON & GREENIDGE, P.A.**

Andrew M. Greenidge

Andrew M. Greenidge, Esq.