# EXHIBIT “AD”

**DECLARATION OF YATIN KHANNA**

I, **Yatin Khanna**, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct based upon my personal knowledge, except where I specifically indicate that a statement is derived from communications, documents, presentations, agreements, or other information made available to me:

**1.** My name is **Yatin Khanna. I am a 50-year-old male.** I invested a substantial amount of my personal savings with BSG Fund based upon information and representations made to me concerning the investment opportunities offered or managed by BSG and its representatives.

**2.** My purpose in making these investments was to preserve and responsibly grow capital over the long term. I did not intend to place my money into an investment from which I could not reasonably obtain access to my funds. The security of my principal, the ability to obtain reliable returns, and the availability of my invested funds were important considerations in my decision-making.

**3.** In connection with my investments, I communicated with representatives associated with BSG regarding the nature and expected performance of the investment opportunities being offered. Those communications included discussions concerning the investments, their anticipated returns, their underlying businesses or assets, and my ability to recover or access the money I invested.

**4.** The manner in which the opportunities were described and presented was important to my decision to invest. I understood the investments to be legitimate business opportunities supported by actual enterprises or assets and carrying the potential for financial benefits. I relied upon the information communicated to me when deciding whether to entrust my funds to BSG.

**5.** Of particular importance to me was my understanding concerning liquidity and the eventual return of my investment. I did not understand that my capital would be indefinitely

inaccessible or that I could be compelled to remain invested without a reasonable means of recovering my principal.

**6.** As circumstances surrounding BSG subsequently changed, I became increasingly concerned about the status, security, and liquidity of my investments. I sought information regarding my money, the underlying investments, and the means by which my capital could be recovered.

**7.** I subsequently became aware that expected payments associated with certain BSG investments had stopped or were no longer being made as anticipated. This materially increased my concern regarding the financial condition of the investments and the security of the money I had entrusted to BSG.

**8.** Information was communicated concerning proposed changes or restructuring involving BSG-related investments and the possible conversion or transfer of existing investment interests into other entities or stock-based arrangements.

**9.** These developments created significant uncertainty. Instead of the straightforward return of capital and investment performance I had expected, I was confronted with questions regarding restructuring, regulatory matters, proposed securities, restrictions, and the future disposition of investor funds.

**10.** I sought clarification regarding the status of my investments, including the location and disposition of my funds, the assets supporting the investments, my ownership rights or interests, the amount presently attributable to me, and when I could expect the return of my capital.

**11.** I was also concerned about any proposal that would substitute restricted or otherwise illiquid securities for money that I had originally invested with the expectation that the funds could

ultimately be recovered. The economic value attributed to proposed shares would be materially different from having unrestricted access to cash if those shares could not readily be sold.

**12.** The circumstances placed me in a difficult position because decisions regarding the disposition of my investment had to be considered while substantial uncertainty remained concerning the underlying businesses, valuations, regulatory circumstances, liquidity restrictions, and timing of any recovery.

**13.** My investment represented real capital accumulated through my professional work and financial efforts. The inability to obtain timely access to those funds has therefore had consequences beyond the ordinary fluctuations associated with an investment.

**14.** The prolonged uncertainty concerning my capital has also caused substantial frustration and stress. Repeatedly having to seek information concerning funds that I believed were being legitimately managed has materially affected my confidence in BSG and those responsible for managing or administering these investments.

**15.** Based upon my experience, I am deeply concerned about the pattern of representations, communications, and subsequent events that caused me to place trust in BSG and its representatives.

**16.** I understood that representations concerning the legitimacy, value, anticipated performance, liquidity, and future of these investments were material to my decision to invest. Had the risks, restrictions, regulatory circumstances, or potential inability to recover my money been materially different from what I understood at the time, those facts would have been important to my investment decision.

**17.** I am particularly concerned about any restructuring or conversion of investments that materially altered the nature, liquidity, ownership characteristics, or accessibility of the investment originally presented to me.

**18.** I am also concerned about how investor capital was managed during the period in which investors experienced delayed payments, uncertainty regarding their investments, or difficulty recovering their principal.

**19.** In my view, these circumstances warrant a complete accounting and examination of how investor funds were obtained, allocated, managed, transferred, invested, and ultimately accounted for. They also raise questions concerning whether the interests of investors were adequately protected.

**20.** I recognize that ultimate determinations concerning fraud, breach of fiduciary duty, securities-law violations, misappropriation, or any other civil or criminal wrongdoing are matters for the Court and appropriate governmental authorities. I do not purport through this declaration to make those ultimate legal determinations.

**21.** Nevertheless, based upon my own experience, the communications made to me, and the subsequent circumstances surrounding my investment, I believe there are substantial issues requiring investigation, disclosure, and appropriate judicial review.

**22.** I intend to pursue all lawful remedies available to determine what occurred with my investment and to recover any funds to which I am legally entitled. I seek a complete and transparent accounting concerning where my money was placed, how it was used, what assets support my investment, what interests I presently hold, and what representations were made concerning those investments.

**23.** My objective is straightforward: I seek transparency, accountability, and recovery of the funds to which I am legally entitled. Money entrusted for investment should be properly accounted for, and investors should receive accurate information regarding the status and disposition of their capital. I therefore seek the relief available to me under applicable law and through these proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2026, in Hudson County, State of New Jersey.

**Yatin Khanna**